**IT IS ORDERED as set forth below:**



Date: January 12, 2023

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| GIRISH JASHVANTRAI MODI, | Case No. 22-58929-WLH |
| DEBTOR. | |

### ORDER DENYING EMERGENCY MOTION FOR CONTINUATION OF BANKRUPTCY PROCEEDING UNDER RULE 8007

**THIS MATTER** is before the Court on Debtor's Emergency Motion for Continuation of Bankruptcy Proceeding Under Rule 8007 (Doc. No. 24) (the "Motion"). Debtor filed for Chapter 13 bankruptcy relief on November 3, 2022. Debtor filed the Motion on December 22, 2022 seeking to "suspend" his bankruptcy case pending outcome of proceedings in Cobb County Superior Court

1

and any appeals therefrom. The Court set the matter for hearing on January 25, 2023, but Debtor has requested the Court rule based on the pleadings.

Bankruptcy Rule 8007(a)(1) governs stays pending appeal in bankruptcy proceedings. Fed. R. Bankr. P. 8007. The rule applies to appeals arising out of bankruptcy court orders in contested matters and adversary proceeding. In re Thomas, 565 B.R. 856, 864 (Bankr. W.D. Tenn. 2017). Bankruptcy Rule 8007 is not applicable to, and may not be used to stay, orders entered in other courts. While Debtor contends this Court should suspend the bankruptcy proceedings pending the outcome of litigation in Cobb County, Bankruptcy Rule 8007 is not applicable to such non-bankruptcy matters.

In certain extraordinary circumstances, the Court may, after notice and a hearing, suspend bankruptcy proceedings if the interests of creditors and the debtor would be better served by such suspension. 11 U.S.C. § 305(a). Suspension of a properly filed bankruptcy case, however, is an extraordinary remedy that should be applied with extreme caution. In re Dzierzawski, 528 B.R. 397, 405 (Bankr. E.D. Mich. 2015). Whether to dismiss or suspend under section 305(a)(1) is a discretionary decision to be made on a case-by-case basis. In re Int'l Zinc Coatings & Chem. Corp., 355 B.R. 76, 82 (Bankr. N.D. Ill. 2006); In re Efron 535 B.R. 505 (Bankr. D.P.R. 2014), aff'd, (B.A.P. 1st Cir. 2015). The burden is on the moving party to demonstrate suspension is in the best interests of creditors and the debtor, and "[b]efore a court may refrain from exercising jurisdiction over an otherwise proper case, it must make specific and substantiated findings that the interests of the creditors and the debtor will be better served by dismissal or suspension." In re Macke Int'l Trade, Inc., 370 B.R. 236, 247 (B.A.P. 9th Cir. 2007). Pending litigation in another forum is generally not, on its own, grounds for a suspension. See Efron 529 B.R. 396. Moreover, remorse

2

over filing is not cause to warrant such extraordinary relief. See In re Dutka, 604 B.R. 726, 733 (Bankr. S.D. Tex. 2019).

Debtor has not demonstrated extraordinary circumstances to warrant the suspension of his bankruptcy case. He voluntarily filed the bankruptcy case, and he has enjoyed and wishes to continue to enjoy the benefits of filing, including the automatic stay. Suspending the case would merely allow Debtor to enjoy all the protections associated with being a debtor in bankruptcy to the detriment of his creditors. Debtor cannot participate in the bankruptcy proceedings only to the extent convenient for him. In re Fiorillo, 455 B.R. 297, 311 (D. Mass. 2011). Having read and considered the Motion, the Court finds Debtor has not established grounds to suspend the bankruptcy case he voluntarily filed.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing scheduled on the Motion on January 25, 2023 is hereby **CANCELLED**.

### END OF DOCUMENT

**Distribution List**

Girish Jashvantrai Modi
3224 River Mist Cove
Decatur, GA 30034

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303