**IT IS ORDERED as set forth below:**



Date: June 8, 2023

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 22-58929-WLH |
| GIRISH JASHVANTRAI MODI, | CHAPTER 7 |
| Debtor, | |

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING HIS MOTION TO SANCTION TRUSTEE**

**THIS MATTER** is before the Court on the Debtor's Motion for Reconsideration of Order Denying His Motion to Sanction Trustee (Doc. No. 89) (the "Motion"), as supplemented by Debtor's Second Motion for Reconsideration of May 17th Order (Doc. No. 91) (the "Second Motion").

The facts are set out in this Court's Order Denying Debtor's Motion for Sanction of Trustee Mr. Gordon (Doc. No. 87) (the "May Order") and are incorporated herein. Briefly, Debtor Girish Modi ("Mr. Modi") filed for relief under Chapter 13 of the Bankruptcy Code on November 3, 2022. On January 17, 2023, Mr. Modi filed a First Request to Convert from Chapter 13 to Chapter

1

7 (Doc. No. 30). The case was converted to one under Chapter 13 on January 17, 2023. Neil C. Gordon was appointed as Chapter 7 Trustee. After the 341 meeting and after Mr. Gordon filed an adversary proceeding seeking to set aside Mr. Modi's transfer of real property, Mr. Modi sought to dismiss his case. No one objected, so the Court granted Mr. Modi's request and the case was dismissed on April 19, 2023 (Doc. No. 83).

After the dismissal, Mr. Modi filed a Motion for Sanctions of Trustee Mr. Gordon (Doc. No. 84), seeking sanctions pursuant to Bankruptcy Rule 9011(c), section 105 of the Bankruptcy Code, and this Court's inherent authority. On May 18, 2023, the Court entered the May Order denying the relief requested.

Mr. Modi filed the Motion on May 23, 2023, seeking reconsideration of the May Order for eight reasons, each discussed below. On May 30, 2023, Mr. Modi filed the Second Motion, in which he contends there is an appearance of bias in the Court's refusal to sanction the Trustee and argues Mr. Gordon was wrong about the validity of a deed transferring an interest in his property. The Court will address each of Mr. Modi's arguments in turn.

Reconsideration Standard

Federal Rule of Civil Procedure 59, made applicable by Bankruptcy Rule 9023, permits bankruptcy courts to alter or amend an order or judgment. Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023. As explained by the Supreme Court, the rule provides courts with a corrective function and "may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)); Banister v. Davis, 140 S. Ct. 1698, 1703 (2020). Accordingly, to prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish an error of

law or fact. In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). "[M]ere disagreement with the court's ruling is not a proper basis for seeking reconsideration under Civil Rule 59(e)." In re Bayati, 2015 WL 6470522 *5 (9th Cir. B.A.P. 2015).

Discussion

Mr. Modi has not presented any new evidence or argument that he did not, or could not have, presented previously to establish a basis to reconsider the denial of sanctions against the Trustee. The Motion is divided into eight objections, each of which is addressed below.

Objection 1

In Objection 1(a) and (b) of the Motion, Mr. Modi contends the Court should reconsider its May Order because it did not address Doc. No. 67 (Debtor's Request for Removal of Trustee Neil C. Gordon from Case) and Doc. No. 72 (Debtor's Reply to Trustee's Objections to His Motion to Dismiss Chapter 7 Case), and the documents attached thereto. Mr. Modi withdrew the pleadings. (Doc. No. 78). While Mr. Modi then sought to reverse the withdrawal (Doc. No. 82), Mr. Modi ultimately asked for and obtained dismissal of the bankruptcy case. The dismissal of the bankruptcy case thereby rendered Docs. Nos. 67 and 72 moot. The dismissal of the case resolved Mr. Modi's response to Mr. Gordon's objection to dismissal. Moreover, no reason exists to consider removing a trustee from a dismissed case. Nevertheless, the Court reviewed the docket and considered Mr. Modi's arguments in Docs. Nos. 67 & 72 as part of the record of the case in rendering its decision in the May Order. The May Order addressed the propriety of Mr. Gordon filing an adversary proceeding and serving it while other matters were pending early in the case as raised in Doc 67. The May Order also addresses Mr. Modi's belief that the adversary proceeding was not well grounded (May Order at p. 8). The Court disagrees with Mr. Modi. Docs. Nos. 67 and 72 are not new and do not support Mr. Modi's request for reconsideration.

3

Next, in Objection 1(c), Mr. Modi states the Court did not consider statements made by the Trustee at his section 341 meeting of creditors. On the contrary, the Court did listen to the section 341 meeting (which was provided by Mr. Modi) in ruling on Mr. Modi's request for sanctions and did not find it provided any basis for sanctions (May Order at p. 10-11, 13).

Objection 1(d) asks the Court to note that he applied for and obtained a loan. Mr. Modi attached information regarding his application with Rocket Mortgage as Ex. 16 to Doc. No. 72. The exhibit is not a loan commitment, but a loan estimate. While Mr. Modi's efforts to refinance his home to potentially resolve the Trustee's issues with his home is laudable, it is not relevant to the motion to sanction Mr. Gordon. Any effort to refinance would have required bankruptcy court approval and, ultimately, the adversary proceeding was dismissed when the case was dismissed. The Court understands Mr. Modi's point to be that the Trustee was wrong in his opinion that Mr. Modi could not refinance his house, but the loan approval would have been subject to a title search and court approval, either of which may have presented issues for the purported lender. In any event, being wrong by itself is not a basis for sanctions. As discussed in the May Order, Mr. Gordon had a valid reason for believing the transfers of the home were avoidable and those same reasons would justify skepticism about the ability to refinance.

Objection 1(e) alleges the Court did not address certain grounds for sanctioning Mr. Gordon. Objections 3, 6, and 7 are incorporated in Objection 1, but are addressed separately below.

Mr. Modi's Objection 1(e) includes the following: Mr. Virani's false and defamatory allegations in Doc. No. 73. See Objection 3 below. But Doc. No. 73 is a document filed by Mr. Gordon and the Court considered Mr. Modi's argument in the May Order (May Order at p. 10), and explained, with respect to "frivolousness," the Court must ask whether a reasonable inquiry would have made the signer aware that the claim was frivolous. In re Mroz, 65 F.3d 1567, 1573

(11th Cir. 1995). A pleading is well-grounded in fact for purposes of Rule 9011 if it has some reasonable basis in fact. In re Szabo Contracting, Inc., 283 B.R. 242, 258 (Bankr. N.D. Ill. 2002). Rule 9011 does not require investigation to the point of absolute certainty. Id. The pleading of which Modi complains, Doc. No. 73, includes copies of documents that support the Trustee's allegations, thereby showing they have some reasonable basis in fact and that the Trustee conducted a reasonable investigation before filing the pleading. Thus, the filing of Doc. No. 73 is not sanctionable conduct, and Modi has failed to present any newly discovered evidence to suggest otherwise.

But Mr. Modi also contends in Objection 1(e) the Trustee has failed to pay the funds on hand directly to the Debtor as ordered. At the April 18, 2023, hearing, the Trustee stated he had $10,000 on hand, which he had collected from Mr. Virani. In the Order Dismissing Case (Doc. No. 83) entered on April 19, 2023, the Court ordered the Trustee to pay the funds to Mr. Modi. Mr. Modi raised the issue of payment on May 4, 2023 in the supplement to the motion to sanction Mr. Gordon. The Court believed a short delay to process the check was acceptable and found no basis for sanctioning Mr. Gordon, as of the date of the motion to sanction (April 20, 2023). However, if the funds have not been paid, AND Mr. Modi cannot reach a satisfactory arrangement with Mr. Gordon, Mr. Modi can file a motion asking for the money to be paid to him.

Objection 2

Mr. Modi contends he should have had the opportunity to present evidence about Mr. Gordon's credibility and actions in the case. Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing. In re Gordon, 577 B.R. 38, 49–50 (S.D.N.Y. 2017). Mr. Modi has not demonstrated the Court abused its discretion in reaching a decision on his Motion for Sanctions without holding an evidentiary hearing.

5

It is well settled that a person <u>facing</u> possible sanctions is entitled to due process, *i.e.* notice and an opportunity to be heard. <u>See</u> <u>In re Reeves</u>, 372 B.R. 525, 528 (Bankr. N.D. Ga. 2007). But due process does not require a hearing on a sanctions motion absent disputed facts or issues of credibility—the opportunity to respond by filing opposition papers may suffice. <u>See</u> <u>Gordon</u>, 577 B.R. at 49–50; <u>Ray A. Scharer & Co. v. Plabell Rubber Prod., Inc.</u>, 858 F.2d 317, 321 (6th Cir. 1988) ("We do not, in so holding for due process purposes, indicate. . . a 'full fledged' hearing is mandated"); <u>Banner v. City of Flint</u>, 99 F. App'x 29, 37 (6th Cir. 2004) (explaining that, when exercising its inherent authority, a court must "give . . . minimal procedural protections, but no hearing is required 'when the court has sufficient relevant information, including pleadings or materials filed in the record, to decide'"); <u>Resolution Trust Corp. v. Dabney</u>, 73 F.3d 262, 268 (10th Cir.1995) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements."). Mr. Modi is not the person facing possible sanctions; he is the person seeking sanctions, and he has had ample opportunity to present evidence in support of his request for sanctions. The witnesses he wishes to call (Mr. Virani and Mr. Altman) are not directly involved in any aspect of this case that could justify sanctions. The Court explained in the May Order that the Trustee had every right to speak with them both and attempt to collect the debt owed by Mr. Virani. The Court has considered Mr. Modi's many papers filed in the case. He has failed to allege or establish a manifest error of law or fact that merits reconsideration of the Court's decision to render its decision without a full-fledged hearing.

<u>Objection 3</u>

Third, Mr. Modi contends Mr. Gordon interfered with Mr. Modi's own efforts to garnish funds from an account obligor, Mr. and Mrs. Virani. Mr. Modi asserts the Trustee wrongfully

6

added his name to Mr. Modi's pre-petition state court garnishment actions. As the Court has previously explained, when Mr. Modi filed bankruptcy, the obligation owed by Mr. and Mrs. Virani to Mr. Modi became property of the estate and, upon conversion to Chapter 7, the Trustee had the duty to collect it. Section 704 of the Bankruptcy Code states the Trustee's statutory duties include "collect[ing] and reduc[ing] to money the property of the estate for which such trustee serves," "be[ing] accountable for all property received," and "investigat[ing] the financial affairs of the debtor." 11 U.S.C. § 704(a). In fulfilling his duties, it was appropriate for the Trustee to add his name to the state court action as Mr. Modi no longer had authority to pursue it. See In re Manton, 585 B.R. 630, 643 (Bankr. N.D. Ga. 2018) (Chapter 7 trustee entitled to intervene in pending actions) (May Order at pp. 13-14). It is Mr. Modi who was wrong here in trying to continue collecting an asset of the estate. Mr. Modi interfered with Mr. Gordon's duties, not the other way around.

Mr. Modi also contends the Trustee should be sanctioned because he has not removed his name from the state court action and that amounts to dishonesty. This issue was not raised in his original request for sanctions (Docs. Nos. 84 & 86), and it is not a proper basis for reconsideration. If the Trustee has not withdrawn his appearance in the state court action and Mr. Modi cannot reach a satisfactory arrangement with Mr. Gordon, Mr. Modi may file a separate motion seeking to compel Mr. Gordon to do so.

Objection 4

Mr. Modi's next contention is that Mr. Gordon did not seek to collect the full amount owed by Mr. Virani and that the deal Mr. Gordon negotiated, which would have required monthly payments, would have prolonged his bankruptcy case. The Court addressed this argument in the May Order (May Order at pp. 13-14). As it pointed out, the Trustee was tasked with collecting

7

property of the estate, 11 U.S.C. § 704(a)(1), including funds owed to Mr. Modi by Mr. Virani. The Trustee was also authorized to compromise or settle with Mr. Virani on behalf of the estate. See Fed. R. Bankr. P. 9019. The Trustee did not reach a final agreement with Mr. Virani. But any such settlement was subject to Court approval which was never sought or granted.

If it had been sought, the Court does not second guess the Trustee's sound business judgment. In re McConnell, 2021 WL 203331, at *15 (Bankr. N.D. Ga. Jan. 4, 2021) ( "trustees exercise discretion in the administration of estates, and bankruptcy courts properly defer to their business judgment in determining how to perform their duties."), affirmed in part, reversed in part, and remanded, 641 B.R. 261 (N.D. Ga. 2022); In re JL Bldg., LLC, 452 B.R. 854, 859 (Bankr. D. Utah 2011) (stating that courts should show deference to a trustee's business judgment when there is no showing of an abuse of discretion); In re Curlew Valley Associates, 14 B.R. 506, 513 (Bankr. D. Utah 1981) (declining to interfere with a trustee's business judgment when a decision was made in good faith, upon a reasonable basis, and was within the scope of the trustee's authority). Further, in considering whether to approve a settlement, the Court must determine whether "the compromise is fair, reasonable, and in the best interest of the estate." In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997). The Court does not have to be convinced that the settlement is the best possible compromise, but only that the settlement falls within a reasonable range of litigation possibilities. In re Washington Mut., Inc., 442 B.R. 314, 327–28 (Bankr. D. Del. 2011) (citation omitted). The fact Mr. Gordon may have reached an agreement for payment by Mr. Virani for less than the face amount due is not grounds for sanctions.

Mr. Modi takes issue with the Trustee's attempts to settle with Mr. Virani at all. That Mr. Modi was not ultimately happy with the Trustee's attempted settlement does not mean it was not reasonable. At the hearing before the Court on April 11, 2023 the Trustee explained his efforts to

negotiate with the Viranis and his attempts to reach a successful settlement including his willingness to seek a higher total settlement amount. Mr. Modi appeared to be very happy with the Trustee's efforts. Mr. Modi changed his views by the April 18, 2023 hearing. But a settlement does not have to be the absolute best possible outcome for bankruptcy court approval. Mr. Modi has failed to present any evidence to merit reconsideration of the Court's May Order denying sanctions against the Trustee in connection with his collection efforts.

Objection 5

Fifth, Mr. Modi contends the Trustee was not permitted to negotiate to the detriment of Debtor (allegedly negotiating for $35,000 instead of $58,000 from Mr. Virani) and compromised negotiations by disclosing terms of the proposed settlement he negotiated with the Viranis during the Court hearings. The Court addressed these points in the May Order (May Order at pp. 14-15).

As the Court has previously explained, all settlements in bankruptcy have to be disclosed and approved by the Court. The approval of a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure is committed to the discretion of the bankruptcy court. Key3Media Group, Inc. v. Pulver.com Inc. (In re Key3Media Group Inc.), 336 B.R. 87, 92 (Bankr. D. Del.2005). The Court is not obligated to make the settlement the best for the Debtor. It is the bankruptcy estate that must benefit. See In re Energy Co-op. Inc., 886 F.2d 921, 927 (7th Cir.1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate"). In making its evaluation, the court must determine whether "the compromise is fair, reasonable, and in the best interest of the estate." In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997). In making this determination, the Court as well as the creditors must be made aware of the terms and conditions of the settlement or compromise. In re Waikiki Hobron Assocs., 51 B.R. 406, 408 (Bankr. D. Haw. 1985). An application fully disclosing the terms and

9

conditions must be presented to the court for approval. Thus, the terms of the proposed settlement ultimately had to be disclosed. As stated above, Mr. Gordon did not reach a final settlement with the Viranis and any such settlement did not have to comply with Mr. Modi's wishes. The Court finds Mr. Modi has not presented a basis to reconsider the denial of sanctions against the Trustee in connection with disclosure of proposed settlement terms.

Objection 6

Mr. Modi contends in both his Motion and his Second Motion the Trustee was wrong about the legal effect of a particular deed. He believes the Trustee filed the adversary proceeding to create more work and generate more fees for himself. Mr. Modi is really arguing the merits of the adversary proceeding. The Court addressed this argument in the May Order (May Order at pp. 8-9).

The Trustee filed the adversary proceeding in fulfillment of his role as Trustee. The Trustee was tasked with investigating the financial affairs of the debtor, 11 U.S.C. § 704(a)(4), and using the avoidance powers under sections 544, 545, 547, and 548, to the extent a purported lien is invalid or could be avoided by the trustee. Handbook for Chapter 7 Panel Trustees, Department of Justice (Oct. 1, 2012) ("Handbook"), p. 35. Mr. Modi listed an ownership interest in real property at 3224 River Mist Cove, Decatur, Georgia. An investigation by the Trustee revealed Mr. Modi executed a survivorship deed on April 6, 2022, conveying the property to himself and a third party (Kumaresh Nataraj). The Trustee alleged the deed was not properly attested by two witnesses, one of whom was an official witness, as required by O.C.G.A. § 44-14-61, and filed a complaint to avoid, recover, and preserve for the estate the pre-petition transfer of real property pursuant to sections 544, 550, and 551 of the Bankruptcy Code.

The question raised by the Trustee in the adversary proceeding involves a technical analysis

10

of the security deed. In re Grier, 2022 WL 4658819, at *1 (Bankr. N.D. Ga. Sept. 30, 2022). Under Georgia law, a deed must be attested by two witnesses, and at least one of them needs to be an official witness such as a notary or court clerk. O.C.G.A. §§ 44-2-15, 44-14-61; In Re Lindstrom, 30 F.4th 1086, 1090 (11th Cir. 2022). If a security deed is not attested by two witnesses, one of whom is an official witness, then it is patently defective, does not provide constructive notice to a bona fide purchaser even if recorded, and may be avoided by a chapter 7 trustee using the strong-arm powers under 11 U.S.C. § 544. See id. The law is clear on this point. See Pingora Loan Servicing, LLC v. Scarver (In re Lindstrom), 30 F.4th 1086, 1091 (11th Cir. 2022), ("No one disputes that the deed was missing the required attestation by an official. As a result, the trustee can "avoid" the deed unless the loan companies find a way to save it."); see also U.S. Bank, N.A. v. Gordon, 289 Ga. 12 (2011); Gordon v. Wells Fargo, N.A. (In re Knight), 504 B.R. 668 (Bankr. N.D. Ga. 2014).

Mr. Modi's arguments about whether the deed was proper go to the merits of the complaint—whether the security deed was patently defective was the ultimate question in the adversary proceeding. In re Knight, 504 B.R. 668, 672 (Bankr. N.D. Ga. 2014). The Trustee asserted the deed was patently defective; Mr. Modi counters that it was not. As the Court said in the May Order, the only question is whether Mr. Gordon made a reasonable inquiry prior to filing a complaint. Ultimate success is not required to avoid sanctions under Rule 9011 (May Order at p. 8). The Court did not determine whether the survivorship deed complied with Georgia law and did not rule on the Trustee's claims. Rather, when Mr. Modi's bankruptcy case was dismissed, the Court concluded the adversary proceeding should be dismissed as well (AP 23-5027 Doc. No. 7). The Court need not determine whether the deed was patently defective now. That Mr. Modi may not agree with the law or the Trustee's claims does not mean that the Trustee was wrong to pursue

avoidance.

Moreover, the Trustee and his firm are not receiving any legal fees from this case. While the Trustee filed an application to employ an attorney, ultimately, Mr. Modi sought to dismiss his case and the Court did not approve the application. The Court did not grant carte blanche authority to the Trustee to accrue fees or needlessly increase the cost of litigation; it never approved the application to employ. Accordingly, the Court finds Mr. Modi has provided no grounds to reconsider the denial of sanctions in connection with the Trustee's contentions about the security deed.

Objection 7

Mr. Modi next complains Mr. Gordon rushed to file an adversary proceeding without conducting a proper investigation. The Court addressed this complaint in the May Order (May Order at pp. 8-9). As explained in the May Order, a chapter 7 case "must be administered to maximize and expedite dividends to creditors." (May Order at p. 13 (citing The Handbook for Chapter 7 Panel Trustees, Department of Justice (Oct. 1, 2012)). Filing an adversary proceeding in a timely fashion is thus consistent with the Trustee's duties.

Further, Rule 9011 requires the Court to make an objective determination of whether a party's conduct was reasonable under the circumstances. In re Funaro, 263 B.R. 892, 903 (B.A.P. 8th Cir. 2001). Rule 9011 requires only that an attorney make a reasonable inquiry prior to filing a complaint or other pleading. Id. A pleading is well-grounded in fact if it has some reasonable basis in fact, and papers are well-grounded in law if based on a nonfrivolous legal theory. In re Ryan, 411 B.R. 609, 616 (Bankr. N.D. Ill. 2009). A trustee does not violate Rule 9011 where he has a reasonable basis to file an avoidance action, even if he is not ultimately successful on the merits. Funaro, 263 B.R. at 903. The facts pled in the complaint reflect a reasonable basis in fact

12

(an alleged defect with the security deed) and a nonfrivolous legal theory (avoidance of a patently defective security deed pursuant to section 544) to indicate the Trustee engaged in adequate pre-filing investigation. He inquired of Mr. Modi at the 341 meeting and he obtained and he reviewed copies of the deeds, which are attached to the complaint. Accordingly, the Court finds no basis to reconsider the May Order denying sanctions with regard to the Trustee's filing of the adversary proceeding.

Objection 8

Mr. Modi next complains that the Trustee did not withdraw certain pleadings after he allegedly agreed to do so and points to Ex. P attached to the Motion for Sanctions (Doc. No. 84). The Court previously considered the argument in the May Order (May Order at p. 16). Mr. Modi filed "Debtor's Withdrawal of Certain Pleadings" (Doc. No. 78) on April 7, 2023. In it, he withdrew five of his pleadings and said, "Mr. Gordon agreed to withdraw his certain objectionable pleadings and also the AP." The specific pleadings to be withdrawn by Mr. Gordon were not identified. At the April 11 hearing, Mr. Modi was in agreement with the Trustee's actions to attempt to collect the Virani debt and use those funds to settle with his primary creditor. Based on that understanding, the Trustee stated he would withdraw the adversary proceeding without prejudice as well as certain other pleadings when everything was "finalized." But by the April 18 hearing, Mr. Modi wanted his case dismissed and he was no longer in agreement with the Trustee. So although the Trustee did not withdraw the pleadings Mr. Modi thinks he should have, the Trustee did not oppose the dismissal of the case. The dismissal mooted the need to withdraw the pleadings and the Court dismissed the adversary proceeding. The Trustee did not act in a way to justify any sanctions, and Mr. Modi has failed to present any new evidence or argument to warrant reconsideration of the denial of sanctions on this ground.

Appearance of Bias

In the Second Motion, Mr. Modi contends there is an appearance of bias in the Court's refusal to sanction the Trustee.

Disqualification of federal judges, including bankruptcy judges, from acting in particular cases is governed by 28 U.S.C. § 455(a). Of relevance to this particular case are the requirements that a judge disqualify himself or herself in "any proceeding in which his impartiality might reasonably be questioned" or "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Bias and partiality, such as forms a basis for recusal, can arise either because the judge has learned information outside the course of judicial proceedings which forms the basis of the judge's opinion or where even from information provided only in court, the judge forms an opinion "so extreme that fair judgment appears impossible." Haas, 292 B.R. at 176. In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Id. at 555.

Mr. Modi's papers allege bias on the part of Judge Hagenau, but he has not set forth with particularity any facts or circumstances evidencing bias by this court. Blizard v. Frechette, 601 F.2d 1217, 1221 (1st Cir. 1979) ("trial judge must hear cases unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence"). Mr. Modi's motion appears to rest on the generalized grievance that because his requests for relief have been denied, the Court has displayed bias towards him. However, adverse rulings by a court do not establish bias for purposes of disqualification. See In re Clark, 289 B.R. 193 (Bankr. M.D.

14

Fla. 2002); In re Lickman, 284 B.R. 299 (Bankr. M.D. Fla. 2002). "Judicial rulings are grounds for appeal, not recusal." Grove Fresh Distributors, Inc. v. John Labatt, Ltd., 299 F.3d 635, 641 (7th Cir. 2002) (citing Liteky, 510 U.S. at 555). All of Mr. Modi's allegations are based on actions the Court has taken on motions and matters before the Court, which were based on the evidence presented in connection with the various motions. Mr. Modi has not alleged, and cannot allege, that the Court has any information about the matters on which it has ruled from any source other than what has been presented to the Court in hearings in which Mr. Modi has participated and in papers filed on the docket. The Court's May Order, which was decided after careful consideration on the record, does not create a basis for recusal.

Further, Mr. Modi overlooks that the Court could not have granted his request for sanctions because the Motion for Sanctions was not procedurally or substantively proper. The Motion for Sanctions did not comply with the 21-day safe harbor provision and, accordingly, no sanctions could be awarded under Rule 9011. Further, the subject of much of the Motion for Sanctions (the Trustee's conduct during the section 341 meeting, his investigation of assets, and his efforts to negotiate with Mr. Virani) did not involve signing a pleading or presenting to the Court a petition, pleading, written motion, or other paper, and are therefore not within the ambit of Rule 9011. While Mr. Modi also sought sanctions under section 105(a) of the Bankruptcy Code, the Motion for Sanctions did not allege Mr. Gordon violated a specific and definite order, so sanctions were not warranted 11 U.S.C. § 105(a). Finally, sanctions under the Court's inherent authority were not warranted because the allegations did not support a finding Mr. Gordon acted in bad faith. The Trustee investigated the assets of the Debtor, discovered a purported transfer was potentially avoidable, and exercised his duty to use the trustee's avoidance powers. That Mr. Modi may not

15

like the manner in which the Trustee performed his duties does not mean that the Trustee acted in bad faith or that this Court is biased.

Conclusion

Mr. Modi filed this bankruptcy case to obtain a stay of litigation <u>he</u> initiated in state court, when the state court ruled against him. He elected to proceed without counsel. His actions suggest his goal was to obtain the benefit of the automatic stay, not to reorganize his debts. He filed two motions to stay the bankruptcy case while it was a Chapter 13 to avoid making plan payments (Docs. Nos. 24 & 29). When that was denied, he converted his case to Chapter 7, clearly without understanding the repercussions. The Trustee did what trustees do: he investigated and filed an avoidance action. Mr. Modi interfered with and objected to everything the Trustee did—not because the Trustee was wrong, but because Mr. Modi did not want the burdens of bankruptcy, only the benefit of the stay.

Mr. Modi has failed to allege or establish any manifest error of law or fact, or any newly discovered evidence, that would merit the extraordinary remedy of reconsideration of the May Order denying his request for sanctions against the Trustee. Accordingly,

**IT IS ORDERED** that the Motion and Second Motion are **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Girish Jashvantrai Modi
3224 River Mist Cove
Decatur, GA 30034

Neil C. Gordon
Taylor English Duma LLP
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

R. Jeneane Treace
Assistant United States Trustee
362 Richard Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303